Brandon JOHNSON, Plaintiff-
Appellant,

v.

OKLAHOMA DEPARTMENT OF
TRANSPORTATION; Kevin Lowe,
Video Branch Manager; Bart Vleu-
gels, Video Branch Supervisor, Defen-
dants-Appellees.

No. 16-6286

United States Court of Appeals,
Tenth Circuit.

Filed January 27, 2017

Brandon Johnson, Pro Se

David W. Lee, Riggs, Abney, Neal, Tur-
pen, Orbison & Lewis, Oklahoma City, OK,
Tamar Graham Scott, Oklahoma Depart-
ment of Transportation, General Counsel's
Office, Oklahoma City, OK, for Defen-
dants-Appellees

Before KELLY, McKAY, and MORITZ,
Circuit Judges.*

## ORDER AND JUDGMENT **

Paul J. Kelly, Jr. Circuit Judge

Plaintiff-Appellant Brandon Johnson,
appearing pro se, appeals from the district
court's denial of his motion for relief from
judgment under Rule 60(b), Fed. R. Civ. P.
See Johnson v. Okla. Dep't of Transp., No.
CIV–14–0945–F, 2016 WL 7665653 (W.D.
Okla. Sept. 2, 2016). Having carefully re-
viewed Mr. Johnson's arguments, we af-
firm for substantially the same reasons
relied upon by the district court.

The parties are familiar with the under-
lying facts. It is enough to say that Mr.
Johnson initially brought an action against
his former employer, the Oklahoma De-
partment of Transportation ("ODOT"), for
alleged discrimination and retaliation
based on his race. The district court grant-
ed summary judgment for the ODOT, and
we affirmed. Johnson v. Okla. Dep't of
Transp., 645 Fed.Appx. 765 (10th Cir.
2016).

Mr. Johnson argues that the judgment
should be set aside, and advances argu-
ments under Rule 60(b)(2), (3), (5) and (6).
Rule 60(b)(2), however, is not available be-
cause Mr. Johnson has not produced any
new evidence that was not available to him
or his attorney before the original final
judgment. Rule 60(b)(3) is not available
because Mr. Johnson has not shown clear
and convincing evidence of fraud, misrep-
resentation, or misconduct by the opposing
party. See Zurich N. Am. v. Matrix Serv.,
Inc., 426 F.3d 1281, 1290 (10th Cir. 2005).
Rule 60(b)(5) affords relief if "the judg-
ment has been satisfied, released, or dis-
charged; it is based on an earlier judgment
that has been reversed or vacated; or ap-
plying it prospectively is no longer equita-
ble." None of these criteria are met here,
and Mr. Johnson's reasoning that the op-
posing party's alleged fraudulent behavior
makes it inequitable to enforce the judg-
ment fails for the same reason as his Rule
60(b)(3) argument.

---

* After examining the briefs and the appellate
record, this three-judge panel has determined
unanimously that oral argument would not be
of material assistance in the determination of
this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered
submitted without oral argument.

** This order and judgment is not binding prec-
edent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.
It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

Finally, Mr. Johnson's Rule 60(b)(6) argument is unavailing because he has not shown that it would "offend[ ] justice to deny such relief." Yapp v. Excel Corp., 186 F.3d 1222, 1232 (10th Cir. 1999) (citation omitted). He contends that his former attorney should have done more and taken his every suggestion, which we, like the district court, find unpersuasive and not a basis for relief.

As the district court noted, Mr. Johnson received a full and fair hearing of his claims, and Rule 60(b) is not a way to relitigate the underlying case. Johnson, 2016 WL 7665653, at *3. Instead, it is an "extraordinary" remedy that "may only be granted in exceptional circumstances." Zurich N. Am., 426 F.3d at 1289 (citation omitted). The district court did not abuse its discretion in denying relief. See Yapp, 186 F.3d at 1232.

AFFIRMED.